*603 OiTNION.
ARttndell:
The-petitioner claims the right to include in invested capital the premiums on the sale of its capital stock. Of the total premiums received the petitioner transferred $10,000 to its surplus account, and this amount was included by the Commissioner in invested capital in his computation. The balance of the amount of premiums was not carried in the petitioner’s general books of account. Premiums received on the sale of capital stock constitute paid-in surplus and are properly included in invested capital. The invested capital of the petitioner in this case should accordingly be increased in the- amount of $37,386, representing the difference between the total premiums of $47,386 and the amount of $10,000 allowed by the Commissioner. This amount is not the same as that claimed by the petitioner, but it is the amount which has been determined to be correct after a great deal of checking on our part of the books and records placed in evidence.
With respect to the notes accepted by the petitioner to cover the unpaid balance on stock subscriptions, we find that the petitioner satisfied itself as to the solvency of the makers, issued the stock subscribed for, although it did not make delivery, and paid to the subscribers dividends that accrued during the time it held the stock. In view of these facts, we are of the opinion that the notes were bona ■fide paid in for stock and should be allowed as an item of invested capital. .The amount of the notes is not shown by the record. If the taxpayer can satisfy the Commissioner as to the amount of the notes, they may be allowed in invested capital.
The evidence shows, as set forth in the findings of fact, that in conducting a stock sales campaign the petitioner incurred expenses *604 in 1919, 1920, and 1921, in the aggregate amount of $51,482.20. Of this amount, it identified as commissions, salaries, etc., amounts totaling $31,168.42. The items making up the amount under the heading “ Miscellaneous ” were not identified by the taxpayer, nor is any claim with respect thereto made in this appeal. The total of the amounts proA^ed by the taxpayer to have been spent as organization expenses is properly an item of invested capital. But in this case the organization expenses were paid out of the premiums receded on the sale of capital stock and thus the restoration to invested capital of the full amount of premiums on the sale of capital stock carries with it the inclusion in invested capital of the amount of organization expenses. To alloAv the inclusion of the full amount of the premiums and also the organization expenses would be to make a double alloAvance for the organization expenses.
The contention of the Commissioner with respect to reduction of surplus by the amount of the prior year’s taxes is now settled by section 1207 of the Revenue Act of 1926. Article 845 of Regulations 62 provides that, in reducing invested capital on account of taxes for prior years, such taxes shall be averaged for the proportionate part of the taxable year after the tax is due and payable. This does not give the Commissioner the right to reduce invested capital by the full amount of the tax for the previous year. No showing has been made by the Commissioner that the proration of the 1920 tax, as set forth'in his determination, was not in accordance with the Regulations, and his contention with respect thereto must be rejected.

Order of redetermination will be entered on 15 days’ notice, under Rule 50'.